# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs July 20, 2011

## STATE OF TENNESSEE v. SALWILLEL THOMAS FIELDS

### Appeal from the Circuit Court for Montgomery County
### No. 40500194    John H. Gasaway, III, Judge

———————————————

### No. M2011-00088-CCA-R3-CD - Filed August 1,, 2011

———————————————

In February 2005, a 14-count indictment was returned against the Defendant, Salwillel Thomas Fields.  In exchange for concurrent sentencing, the Defendant pled guilty to possession with intent to sell over 300 grams of cocaine, a Class A felony; possession with intent to sell more than one half ounce but less than ten pounds of marijuana, a Class E felony; possession of a machine gun, a Class E felony; and three counts of unlawful possession of a weapon, a Class E felony.  The parties agreed to the Defendant's sentencing range for each of the convictions but left the length of the sentences to the trial court's discretion.  The remaining counts were dismissed.  The trial court sentenced the Defendant as a Range II, multiple offender to 38 years for the Class A felony and as a Range III, persistent offender to 5-years for each of the Class E felonies.  In this appeal as of right, the Defendant contends that the trial court erred in setting the length of his Class A felony sentence.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Edward E. DeWerff, Clarskville, Tennessee, for the appellant, Salwillel Thomas Fields.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and John E. Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At the guilty plea submission hearing held on October 25, 2010, the State asserted that a search warrant was executed on April 24, 2004, at the Defendant's residence that he shared with his wife. The officers found cocaine "in various bedrooms of the house, some under the couch, [and] some in the car out in front of the house." The officers also found a weapon and approximately $4,000 in cash inside the residence and three weapons in a bag in a car outside the residence.

At the sentencing hearing held on December 16, 2010, the State submitted that the Defendant was a "man who ha[d] dedicated his life to crime" and "ha[d] lived his life with nothing but crime." The State argued that the presentence report listed 17 convictions, 7 of which were felonies involving drugs and violence and that the Defendant was presently serving another sentence in the federal penitentiary for 2 additional felonies. The State said that given the amount of cocaine and the fact that the Defendant had a machine gun, the Defendant was clearly living his life as a "violent drug dealer." The State requested that the trial court sentence him to 40 years in the Tennessee Department of Correction for the Class A felony conviction.

In response, defense counsel stated that the cocaine and weapons were found throughout the residence and not on the Defendant's person and that the machine gun was found in the trunk of a car outside the residence. Citing the merger doctrine, defense counsel asked the trial court to merge the three convictions of unlawful possession of a weapon. Defense counsel stated that the statute involving that offense focused on the fact that a felon who was in possession of a weapon was "potentially a more dangerous person with that weapon." Defense counsel argued that proceeding with three separate convictions for the offense of being a felon in possession of three separate weapons was unnecessary and contrary to the purpose of the statute.

Following the arguments of the State and defense counsel, the trial court found that the Defendant had "a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range" and applied that enhancement factor to each of the Defendant's six felony convictions. Tenn. Code Ann. § 40-35-114(1). The court also found and applied as mitigating factors that the Defendant's "criminal conduct neither caused nor threatened serious bodily injury" and that under the "catch-all" mitigating factor, the Defendant had eliminated the "necessity of a trial and the associated time, effort and expenses" by pleading guilty. Tenn. Code Ann. § 40-35-113(1), (13). In so finding, the trial court sentenced the Defendant to 38 years for the Class A felony and to 5 years for each of the Class E felonies. The trial court rejected defense counsel's merger argument. The trial court concluded that proceeding with separate convictions for these offenses was proper because each offense involved a different weapon, namely a Ruger 9 millimeter, a "Llama

-2-

45," and an "E-A 45" and because the Defendant had already pled guilty to each count without any discussion as to whether these counts would be merged.

## ANALYSIS

The Defendant contends that the trial court erred in setting the length of his sentence for his Class A felony conviction. The Defendant asserts that a 38-year sentence for that conviction was excessive and that the trial court failed to state on the record its reasons for setting the length of the sentence. The State responds that the Defendant has waived review of his sentence because he failed to include the transcript of the guilty plea hearing in the record on appeal.[1] The State alternatively responds that the trial court's sentencing decision is supported by the record.

The Defendant committed the offense on April 24, 2004, but he was not sentenced until December 16, 2010. Therefore, he could have elected to be sentenced pursuant to the 2005 revisions to the Criminal Sentencing Act. See 2005 Tenn. Pub. Act ch. 353, § 18 (providing that for offenses committed before the July 7, 2005 enactment of the revised Sentencing Act, the former act applies unless the defendant executes a waiver permitting sentencing under the new act). We will review the Defendant's sentence pursuant to the pre-2005 Sentencing Act because no waiver appears in the record. See State v. James Albert Taylor, No. E2007-02878-CCA-R3-CD, 2009 WL 396076, at *7 (Tenn. Crim. App. Feb. 17, 2009). While the Defendant waived his right to a jury trial by pleading guilty, he did not waive his right to a jury determination of any facts used to increase his sentence beyond the statutory minimum. See Vincent Tracy Morton v. State, No. M2007-00900-CCA-R3-CD, 2008 WL 2053071 (Tenn. Crim. App. May 14, 2008) (stating that the defendant had waived his right to a jury determination of enhancement factors by signing a waiver of rights related to sentencing), perm. app. denied (Tenn. Dec. 22, 2008).

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2003). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. If review of the record reflects that the trial court properly considered all relevant factors, gave due consideration and weight to each factor, and its findings of fact are adequately supported by the record, this court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Should the record fail to demonstrate the required considerations by the trial court, then appellate review

---

[1]Following the filing of the State's brief, the record was supplemented to include the transcript of the guilty plea hearing.

of the sentence is purely de novo. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review, the trial court must "place on the record, either orally or in writing, what enhancement and mitigating factors were considered, if any, as well as the reasons for the sentence." Tenn. Code Ann. § 40-35-210(e).

In conducting its de novo review with a presumption of correctness, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, (7) the potential for rehabilitation or treatment, and (8) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

Under the former law, the presumptive sentence to be imposed for a Class A felony was the midpoint in the range if there were no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c) (2003). The pre-2005 Sentencing Act provided that, procedurally, the trial court was to increase the sentence within the range for a Class A felony based on the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(d), (e) (2003). The Tennessee Supreme Court has held that in sentences imposed pursuant to Tennessee's former Sentencing Act, the trial court's enhancement of a defendant's sentence based on factors that had not been found by a jury beyond a reasonable doubt violated a defendant's Sixth Amendment right to a jury trial as interpreted by the Supreme Court. State v. Gomez, 239 S.W.3d 733, 740-41 (Tenn. 2007) ("Gomez II") (citing Cunningham v. California, 549 U.S. 270, 275 (2007)). However, a trial court may still consider a defendant's prior convictions as an enhancement factor pursuant to Gomez II. Id. at 739-41.

Here, the sentencing range for the Defendant's Class A felony conviction was "not less than twenty-five (25) nor more than forty (40) years." Tenn. Code Ann. § 40-35-112(b) (2003). Thus, the presumptive sentence for the Defendant's conviction was 32.5 years. Tenn. Code Ann. § 40-35-210(c) (2003). Contrary to the Defendant's assertion, the trial court stated its reason for setting the length of the Defendant's sentence. Indeed, the trial court applied one enhancement factor and two mitigating factors in setting the length of the Defendant's sentence at 38 years. The Defendant's lengthy criminal history spanned from 1988 to 2003 and consisted of convictions of several driving offenses, disorderly conduct, aggravated assault, unlawful possession of a weapon, possession of cocaine, burglary, criminal trespass, and assault and battery. The Defendant was also serving a 20-year federal

sentence when he was sentenced for the instant offenses. Additionally, the amount of cocaine involved in this case, more than 300 grams, was extremely significant. Following our review, we conclude that the record supports the trial court's sentencing decision and that the effective sentence length of 38 years complies with the purposes and principles of the applicable Sentencing Act. Accordingly, we affirm the trial court's sentencing decision.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE